IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John L. Jolly and Donna L. Jolly, ) | Civil Action No.: 6:12-3110-MGL |
| ) | |
| Plaintiffs, ) | |
| ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| Wells Fargo Bank, N.A., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the court on Defendant Wells Fargo Bank, N.A.'s ("Defendant") motion to dismiss Plaintiffs John L. Jolly and Donna L. Jolly's ("Plaintiffs") causes of action asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5), and Plaintiffs' motion to remand. (ECF No. 6). For the reasons set forth herein, the court grants Defendant's motion in part and grants Plaintiffs' motion in part.

## ***BACKGROUND***

The underlying action arises out of the refinancing of a mortgage loan by and between Chase Mortgage and Plaintiffs for which a balloon payment was due on or about October 1, 2010 (the "Chase Loan"). (ECF 1-1 at ¶¶ 4 and 5). Plaintiffs contend that they contacted Defendant in January 2010 concerning refinancing the Chase Loan. (ECF 1-1 at ¶ 4.) Plaintiffs assert that on February 1, 2010, they received a Good Faith estimate and Truth in Lending disclosure for a non-Federal Housing Administration (FHA)/Adjustable Rate Mortgage (ARM) loan in the amount of $269,000.00 from Wells Fargo. *Id*. at ¶ 6. Thereafter, on July 14, 2010, Plaintiffs state that they received a FHA/Veteran's Administration (VA) Commitment Letter from Defendant notifying them that they had been approved for a FHA/ARM loan in the amount of $295,298.00. *Id.* at ¶ 7. Plaintiffs allege that they did not receive a Good Faith Estimate or Truth in Lending disclosures following

the July 14, 2010, adjustment of their loan. *Id.* at ¶ 8. On August 23, 2010, Plaintiffs indicated that Defendant restructured and lowered their loan amount to $278,120.00. Plaintiffs contend that they also did not receive a Good Faith Estimate or Truth in Lending disclosure following this loan restructuring. *Id*. at ¶ 9.

According to the Complaint, the loan closed on September 1, 2010, and $278,120.00 was disbursed on September 9, 2010. (*Id*. at ¶ 11). Plaintiffs contend that they received Good Faith Estimate and Truth in Lending disclosures at the loan closing and that the new disclosures required Plaintiffs to pay a "PMI, MIP, Funding Fee"[1] in the amount of $6,120.00, as well as premiums in the amount $112.30 per month. *Id.* at ¶¶ 13-14. Plaintiffs assert that despite being dissatisfied with these newly disclosed fees, they were forced to proceed with the closing because of the October 1, 2010, balloon payment due on the Chase Loan. *Id.* at ¶¶ 13-19. On October 19, 2010, Plaintiffs contend they executed a Cancellation Request seeking to rescind their mortgage with Defendant or to obtain a refund of fees Plaintiffs had paid in connection with the September 1, 2010, loan closing. *Id.* at ¶¶ 21-22. Defendant allegedly rejected Plaintiffs' Cancellation Request. *Id.* at ¶ 22.

On September 17, 2012, Plaintiffs filed this action in the Greenville County Court of Common Pleas for the County of Greenville, South Carolina, alleging state law claims of negligence per se, unfair trade practices and unconscionable loan. (ECF No. 1-1). Plaintiffs seek actual, statutory and punitive damages in addition to attorney's fees and costs. (ECF No. 1-1 at 14). On October 26, 2012, Defendant removed this case to the United States District Court for the District of South Carolina Greenville Division based on

---

[1]"PMI" is an acronym for Private Mortgage Insurance and "MIP" is an acronym for Mortgage Insurance Premium.

28 U.S.C. § 1331. (ECF No. 1). Defendant asserted in its removal petition that Plaintiffs' causes of action were based on alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Federal Regulation Z to the same, 12 C.F.R. § 226 *et seq.* ("TILA").

On October 30, 2012, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) on the ground that the complaint fails to state claims upon which relief can be granted. (ECF No. 5). Specifically, Defendant argues that Plaintiffs' claims are barred by TILA's one year statute of limitations. (ECF No. 1 at ¶ 6). Plaintiffs oppose Defendant's motion and move to remand maintaining that their Complaint asserts claims for relief based solely under state law. (ECF No. 6).

## STANDARD OF REVIEW

### A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a) (2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted).

At this stage, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), and must construe all factual allegations in the light most favorable to the plaintiff, *see Harrison v.*

*Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir.1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (*quoting* Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Motion to Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir.2004) (en banc) (*citing Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir.1994)).

## DISCUSSION

### Motion to Dismiss

Defendant asserts that the claims set forth in Plaintiffs' complaint for negligence, unfair trade practices and unconscionable loan are each based on allegations of purported disclosure violations of TILA and as such are barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e).

The purpose of TILA is "to assure a meaningful disclosure of credit terms so that the

consumers will be able to compare more readily the various credit terms available . . . and avoid the uninformed use of credit . . . ." 15 U.S.C. § 1601(a).  ". . . TILA requires that a creditor make certain material disclosures at the time the loan is made." *Gilbert v. Residential Funding LLC*, 678 F.3d 271, 276 (4th Cir.2012).  Claims seeking civil damages under TILA are governed by a one year statute of limitations, and must be brought within one year of the date of the occurrence of the violation.  15 U.S.C. § 1640(e).  "[A] claim for damages under [the] TILA . . . is subject to a one-year limitations period that begins to run from the date the loan closed."  *In re Cmty Bank of N. Va.*, 622 F.3d 275, 303 (3rd Cir. 2010).

In opposing Defendant's motion to dismiss, Plaintiffs argue that their complaint sets forth either common law or South Carolina statutory causes of action for negligence, unfair trade practices and unconscionable loan, and that no federal question is implicated.  In an effort to overcome TILA's one year statute of limitations, Plaintiffs specifically assert that they are not seeking relief under 15 U.S.C. §1640. (ECF No. 7).

As to Plaintiffs' claim for negligence, Plaintiffs allege that:

25. Defendant had a statutory duty imposed by 15 USC 1601 et. Seq. (Truth in Lending Act, heretofore known as "TILA") and as codified by 12 CFR 226 (Reg ) to provide disclosures for any variance in prior TILA disclosures of the terms of the loan.  The various mandated disclosures within 3 days of the time when known. These regulatory provisions are in place to protect consumers such as Plaintiff. Violation of statutes designed to protect consumers such as Plaintiff is negligence per se.

26. The revised terms of the loan amounts to a "bait and switch."  Defendant knew or should have known of its conduct and required compliance with TILA disclosures. Instead, the Defendant was silent, and Plaintiff only realized at closing the bait and switch in the terms. Due to the economic coercion and reliance on the Defendant's promises, Plaintiff had no choice but to accept the terms as presented at closing.

> 27. The willful and wanton disregard of the statutory provisions supports an award of punitive damages.

(ECF No. 1 at §§ 25-27).

As to Plaintiffs' unfair trade practice claim, Plaintiffs allege that:

> 29. The above-described conduct by bank in willfully failing to comply with disclosure requirements of FHA/ARM loans is the result of an internal policy in order to not comply, and the above conduct damages mortgagors such as Plaintiff, and can or has the potential to be repeated on other mortgagors.
>
> 30. This conduct constitutes unfair and deceptive practices in violation of S.C. Code § 39-5-20. The above-described conduct is malicious and for a pecuniary purpose, is knowing and intentional, and recklessly disregards the rights of the Plaintiff.
>
> 31. The willful and wanton conduct of the Defendant is the direct and proximate cause of damages incurred by Plaintiff.

*Id.* at ¶¶ 29-31

Finally, as to Plaintiffs' claim for unconscionable loan, Plaintiffs contend that:

> 33. By virtue of the Defendant's failure to comply with the disclosure requirements of FHA/ARM loans, the loan as signed by the Plaintiffs was unconscionable.
>
> 34. Plaintiffs, by virtue of Defendant's failure to comply with the FHA/ARM loan requirements, had no knowledge of the loan provisions until closing.
>
> 35. Plaintiff had an absence of meaningful choice due to the Defendant's failure to comply with the statutory disclosure requirements.
>
> 36. Plaintiff has been damaged by the unconscionable loan practice of the Defendant.
>
> 37. Plaintiff seeks actual and statutory damages pursuant to SC Code § 37-10-105.

*Id.* at ¶¶ 33-37.

Despite Plaintiffs' attempt to cast their Complaint as one solely on State law, review of the allegations of Plaintiffs' complaint defeats their arguments and demonstrates that this

Court has federal question jurisdiction as to Plaintiffs' first cause of action for negligence which relies on purported disclosure violations of TILA and related federal regulations. (ECF No. 1-1- at §§ 25-26).

Claims brought under TILA must be brought within one year of the occurrence of the alleged violation or they are barred by the statute of limitations. *See* 15 U.S.C. § 1640(e). Here, the instant action was filed on September 17, 2012, over two years following the date the subject loan closed on September 1, 2010, over two years following the date on which funds were disbursed on September 9, 2010, and nearly two years following the date of Plaintiffs' purported Cancellation Request on October 19, 2010. As such, Plaintiffs' first cause of action for negligence is barred by the one-year statute of limitations set forth in 15 U.S.C. § 1640(e) and is subject to dismissal.

After review of Plaintiffs' remaining causes of action for unfair trade practices and unconscionable loan, the Court does not find based on the face of the pleadings that Plaintiffs are relying "solely on purported disclosure violations of TILA" as suggested by Defendant. (ECF No. 5 at 6). Thus, the court turns to the arguments on Plaintiffs' motion to remand.

**Motion to Remand to State Court**

Plaintiffs ask the Court to remand this suit on the grounds that no federal questions exist in their causes of action. On a "challenge of jurisdictional allegations, '[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.'" *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir.2008) *(quoting In re Blackwater Security Consulting, LLC*, 460 E3d 576, 583 (4th Cir.2006)). Here, Defendant's basis for removal in this Court was federal question jurisdiction under 28 U.S.C. § 1331.

As set forth above, the Court has already determined that Plaintiffs' claim for negligence asserted a claim pursuant to the laws of the United States by alleging that Defendant violated TILA. Thus, Defendant had a right to remove that claim to this Court for adjudication. 28 U.S.C. § 1331. But, because the Court has determined that Plaintiffs' claims for unfair trade practices and unconscionable loan do not rely solely on TILA disclosures, over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over those state law claims. 28 U.S.C. § 1367(c)(2).

Accordingly after careful review of the pleadings, the memoranda submitted and the applicable law, the Court GRANTS Defendant's motion to dismiss as to Plaintiffs' first cause of action for negligence and REMANDS Plaintiffs' causes of action for unfair trade practices and unconscionable loan to the Court of Common Pleas for Greenville County, South Carolina.

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

June 25, 2013
Spartanburg, South Carolina